**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0109-18T1

IN THE MATTER OF
APPLICATION FOR PERMIT
TO CARRY A HANDGUN
OF MAURICIO ALFARO.

_____

Submitted May 7, 2019 – Decided June 4, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County.

Law Offices of Proetta & Oliver, attorneys for appellant Mauricio Alfaro (William A. Proetta, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent State of New Jersey (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Mauricio Alfaro appeals from a Law Division order denying his application for a permit to carry a handgun. The judge denied Alfaro's application after concluding the issuance of the permit "would not be in the

interest of the public health, safety, or welfare."  N.J.S.A. 2C:58-3(c)(5).  We vacate and remand for an evidentiary hearing.

I.

In May 2017, Alfaro applied for a permit to carry a handgun because of his employment with an armored car service.  According to his employer, Alfaro's job involves the transportation of "currency, jewelry, precious metals and securities from banks, brokerage houses and retail stores located throughout all [twenty-one] counties in [New Jersey] and all five [boroughs] of [New York City]."  As part of the application process, Alfaro also completed the Attorney General's firearms qualification program.

After the New Jersey State Police approved his application, Alfaro presented the application to the Law Division for approval, as required by N.J.S.A. 2C:58-4.  The judge denied the application without holding a hearing or providing a written or oral statement of reasons explaining his decision. Alfaro appealed and we remanded for the judge "to make findings of fact and conclusions of law in accordance with Rule 1:7-4."  On remand, the judge explained Alfaro's two juvenile offenses did not factor into the decision, but denied the application "because of [Alfaro's] domestic violence record."

2

In 2005, while Alfaro was still a teenager, his ex-girlfriend obtained two temporary restraining orders (TROs) against him. The first incident occurred in December 2005, when the ex-girlfriend alleged Alfaro threatened to "beat her up and kill her," stating "I want you dead," and "you need to commit suicide because you would be doing everyone a favor." She also alleged Alfaro struck her in the face and body, and "pulled a pocket knife on her and threatened her with that knife to her neck." The court issued a TRO against Alfaro, but dismissed the order the following week after determining the "allegation of domestic violence has not been substantiated."

The court issued the second TRO less than three weeks later, after Alfaro's ex-girlfriend alleged he tailgated her vehicle, flashed his high beams, and passed her vehicle three times. She also alleged he called her nineteen times, with the few calls she answered involving threats to her friend. The court dismissed the second TRO on February 23, 2006, after the ex-girlfriend failed to appear for trial on her complaint.

Alfaro was again involved with the police for a potential domestic issue in July 2006. This time, police found Alfaro and his ex-girlfriend arguing in a van after she told him she had cheated on him. The ex-girlfriend told police that "at no time did Alfaro physically hurt her or threaten to hurt her." The

3 A-0109-18T1

responding officer did not notice any marks or bruises on her, nor did she exhibit any signs of pain. Nonetheless, the officer "didn't feel comfortable leaving her with Alfaro," so he drove her home.

Following our remand, the judge stated issuance of the requested permit to Alfaro "would not be in the interest of the public health, safety, or welfare." Although the three incidents occurred over twelve years ago, the judge characterized Alfaro's domestic violence issues as occurring "not that long ago." Based on the police reports, the judge determined Alfaro "had an extremely volatile, hot temper when things don't go his way with women," and "obviously has issues controlling his temper when it comes to women."

Following the remand, Alfaro seeks reversal, arguing "[t]he trial court erred by denying [his] permit to carry a handgun because he is not subject to any of the disabilities set forth in N.J.S.A. . . . 2C:58-3(c)," and because he has demonstrated "he is familiar with the use of hand guns" and "demonstrated a need for a permit to carry."

## II.

A judicial determination that one "poses a threat to the public health, safety or welfare involves, by necessity, a fact-sensitive analysis." State v. Cordoma, 372 N.J. Super. 524, 535 (App. Div. 2004). In reviewing such determinations, we accept the

A-0109-18T1

trial court's fact findings so long as they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997). We review the trial court's legal determinations de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The court may deny a permit to carry a handgun if it determines the "issuance would not be in the interest of the public health, safety, or welfare." N.J.S.A. 2C:58-3(c)(5). This criterion "eludes precise definition" but "requires a careful consideration of both the individual history of [the applicant's] interaction . . . in the domestic violence matter, as well as an assessment of the threat [an applicant] may impose to the general public." Cordoma, 372 N.J. Super. at 534-35.

Alfaro contends "[t]he trial court failed to undertake a thorough fact sensitive review," noting the court's failure "to conduct any hearings or obtain any information from [him] regarding the incidents that caused the court concern"; instead, the court "only reviewed one-sided police reports without any regard for [his] side of the story." Based on our review, Alfaro's contentions have merit.

Critically, the judge accepted the police reports as fact without conducting a hearing in order to determine the veracity of the allegations. The domestic violence incidents involving Alfaro did not result in the entry of any final restraining orders nor did they result in the filing of any criminal charges against him. In addition,

none of the police reports relied upon by the trial court contained Alfaro's version of the incidents. We further note the allegations of domestic violence were made well over a decade ago, with no subsequent incidents in the intervening years.

Additionally, we note that Alfaro already possesses a permit to purchase a handgun, so the trial judge's denial of his application primarily impacts his employment. It does not appear the judge considered whether he could have addressed his concerns by limiting Alfaro's permit to carry to the times he is on duty as an armored car driver.[1]

Nonetheless, we recognize the domestic violence allegations against Alfaro, if found credible upon further scrutiny, could provide a sufficient basis to refuse Alfaro the requested permit. See In re J.W.D., 149 N.J. at 115-16; In re Z.L., 440 N.J. Super. 351, 358-59 (App. Div. 2015) (holding forfeiture proper where police officers responded to five separate domestic disputes between defendant and wife, even though no temporary or final restraining order was ever issued); see also In re Osworth, 365 N.J. Super. 72, 78 (App. Div. 2003) ("The dismissal of criminal charges does not prevent a court from considering

---

[1] N.J.S.A. 2C:58-3 provides for the issuance of "a limited-type permit which would restrict the applicant as to the types of handguns he may carry and where and for what purposes they handguns may be carried."

A-0109-18T1

the underlying facts in deciding whether a person is entitled to purchase a firearm . . . .").

Thus, we vacate the order under review and remand for the trial judge to conduct an evidentiary hearing regarding Alfaro's application.[2]

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  Our determination to vacate and remand for an evidentiary hearing is consistent with the directive recently issued by the Administrative Office of the Courts (AOC), which provides, "[I]f a court has any questions regarding the applicant or his or her permit to carry application, it must hold a hearing to address those questions.  The court should not simply deny the application." AOC Directive 06-19, "Directive for Procedures for Processing Gun Permits," (May 20, 2019).